DIANE J. HUMETEWA
United States Attorney
District of Arizona
BEVERLY K. ANDERSON
Assistant United States Attorney
Arizona State Bar No. 010547
Evo A. Deconcini U.S. Courthouse
405 West Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
bev.anderson@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 07-01838-TUC-RCC (BPV) |
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| Donald Biard MacGuineas, III, | |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

1. The defendant agrees to plead guilty to the Indictment which charges the defendant with Transmitting in Interstate Commerce a Communication Threatening to Injure Another Person, a violation of Title 18, United States Code, Section 875(c).

The elements of the crime are as follows:

First, the defendant transmitted in interstate or foreign commerce, a communication containing a threat to kidnap or injure a person;

Second, the defendant acted knowingly.

2. The defendant understands that the maximum penalty for the offense to which he is pleading is a fine of $250,000, a term of imprisonment of not more than five (5) years, or both, and a period of not more than three (3) years supervised release.

3.	The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

4.	Pursuant to 18 U.S.C. Section 3013, the defendant shall pay a special assessment of $100.00. The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

5.	Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the government and the defendant stipulate and agree that the following is an appropriate disposition of this case:

- Defendant shall be sentenced to 18-24 months imprisonment. The government will stipulate to the bottom of the range.
- Defendant acknowledges that he is legally prohibited from possessing any firearms, including those that were seized from his apartment on September 7, 2007.
- This plea is contingent on the defendant having no criminal history points.

6.	The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

7.	The defendant hereby waives any and all motions, defenses, probable cause determinations, and objections which defendant could assert to the indictment or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255. If defendant files a notice of appeal, notwithstanding this agreement, defendant agrees that this case shall be remanded to the district court to determine whether defendant is in breach of this

1 agreement and, if so, to permit the United States to withdraw from the plea agreement.

2   8.   If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

9. Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other right with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the sentence the court imposes, *as long as it is consistent with the terms of this plea agreement.*

3

My guilty plea is not the result of force, threats, assurance or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions. I agree that any Sentencing Guidelines range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney) that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

Factual basis

I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove those facts beyond a reasonable doubt:

> On or about August 20, 2007, and continuing to on or about September 4, 2007, at or near Tucson, I, Donald Biard MacGuineas, III, knowingly transmitted in interstate commerce, that is by means of the internet, with intent to threaten, a communication, that is an electronic mail message, addressed to M.M. and others, containing a threat to injure the person of another. Specifically the message stated "Just to make it perfectly clear, I am intending to bomb certain buildings and shoot school children with a machine gun (hasn't been done, since 1934, at least)".

1/27/09
Date

D. M___
Donald Biard MacGuineas, III
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

1/27/09
Date

Saul M. Huerta, Jr.
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

DIANE J. HUMETEWA
United States Attorney
District of Arizona

1/27/09

BEVERLY K. ANDERSON
Assistant United States Attorney