DENNIS K. BURKE
United States Attorney
District of Arizona
BEVERLY K. ANDERSON
Assistant United States Attorney
AZ State Bar No: 010547
405 West Congress Street, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
bev.anderson@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| United States of America, | ) | CR 07-01838-TUC-RCC (BPV) |
|---|---|---|
| Plaintiff, | ) | MOTION TO IMPOSE ADDITIONAL TERM OF SUPERVISION |
| v. | ) | |
| Donald Biard MacGuineas, III. | ) | |
| Defendant. | ) | |

Comes now Plaintiff, the United States of America, by and through its attorney's DENNIS K. BURKE, United States Attorney for the District of Arizona, and BEVERLY K. ANDERSON, Assistant United States Attorney, and respectfully requests that the Court order the defendant to abide by the following additional term and condition of supervised release:

    Defendant Biard MacGuineas shall not frequent or loiter within 100 feet of schoolyards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by children.

    Senior U.S. Probation Officer Donna Salazar who is supervising Mr. MacGuineas while on supervised release agrees that the above stated term and condition of supervision is appropriate and should be added by the Court. This motion is supported by the attached Memorandum of Points and Authorities which sets forth the background of the case and the history and mental health diagnosis of Mr. MacGuineas.

**Memorandum of Points and Authorities**

The defendant was convicted of sending threatening communications over the internet to his family members. The defendant's e-mails were disturbing and contained graphic descriptions of acts of torture which the defendant claimed should be inflicted upon his father and his sister "as he stood by and watched them suffer." The defendant additionally threatened to blow up buildings, shoot children, and other threatening comments. Specifically he stated:

- Just to make it perfectly clear, I am intending to bomb certain buildings and **shoot schoolchildren with a machine gun (hasn't been done since 1934, at least).**

- So I have to go with Seung -Hui Cho [the Virginia tech Shooter] on this one. Deceitful charlatans...all the shit you've given me, right back at you with hollow points. . .

- I keep a hit list of people I intend to kill

- Since then, I have been amassing machine guns, studying how to kill, hiring Navy SEALS, with the singular intention of killing people who took advantage of me, following extensive premeditation. Perhaps this will make more sense at some point in the future. People assumed I was lying about having cancer and being in pain. I bet they think I'm kidding about this too...

- There's going to be a major bloodbath. I'll tell you that much.

- Do you realize that for the past several years, I have simply been premeditating the killing literally of everyone that took advantage of my misfortune.

A Petition For Court Ordered Evaluation, pursuant to A.R.S. §36-523 was obtained for the defendant and on September 4, 2007, deputies from the Pima County Sheriff's Department served the petition and transported the defendant to University Physicians Health Care at Kino Hospital for an emergency mental health evaluation. The defendant was evaluated by two Board Certified Psychologists, who practice at University Physicians at Kino. Both physicians concluded that the defendant was "persistently or acutely disabled and a danger to others." They additionally diagnosed MacGuineas with schizoaffective disorder and personality disorder, not otherwise specified. The defendant was taken into federal custody in October, 2007. On October 24, 2007, he was indicted on charges of

Transmitting in Interstate Commerce, a Communication Threatening to Injure Another person.

On September 7, 2007, federal agents obtained and executed a search warrant on the defendant's home. Agents seized 25 weapons from the defendant's apartment. The weapons ranged from assault rifles, shotguns, handguns, semiautomatic guns and revolvers to uzis. Seven of the weapons were fully automatic. Also found in the defendant's home was close to **10,000 rounds of ammunition.**

On December 17, 2007 the Court entered an order, pursuant to 18 U.S.C. §4241(a) and (b) that the defendant be evaluated to determine whether he was competent to stand trial. Upon request of defense counsel, the Court additionally ordered that the defendant be evaluated regarding the level of danger he presents to the community.

On August 7, 2008, Shawn Channell, Ph.D, a Forensic Psychologist with the Federal Bureau of Prisons, Devens Massachusetts submitted a report regarding the above stated issues. Specifically, he diagnosed defendant with both delusional disorder and personality disorder. He concluded that MacGuineas was competent to stand trial and in regard to dangerousness to the community stated:

> Mr. MacGuineas is at a moderate-high risk of violence. When taking into account his possession of firearms and weapons, as indicated in his threatening emails, as well as his reported admiration for other perpetrators of violence, it is the opinion of the undersigned that Mr. MacGuineas does pose an elevated risk of violence in the community.
>
> The fact Mr. MacGuineas' possessed firearms is a significant concern. The presence of weapons dramatically increases the lethality of a violent incident.

Dr. Channell further stated:

> Currently, the defendant has no insight into his need for medication and is, therefore, unwilling to take medication. Without antipsychotic medication, Mr. MacGuineas is likely to continue to persist in his delusional beliefs. It is strongly recommended he comply with treatment **with antipsychotic medication and that his medication compliance be monitored. His prognosis is guarded without treatment.**

| | |
|---|---|
| 1 2 | Finally, Dr. Channell identified defendant's preoccupation with serial killers such as Charles Manson, Ted Bundy and Timothy McVeigh, as factors which elevated his risk for violence. |

The defendant was sentenced on December 7, 2009. At sentencing, this Court clearly ordered the defendant to undergo a mental health evaluation and treatment. (See Exhibit 1, Transcript of Sentencing held 12/7/09)   Despite efforts by the probation department to get this accomplished, over two months have passed and the defendant has not even seen a mental health provider.  He has not been evaluated and is not undergoing treatment.

Given the defendant's original threats to shoot school children, his fascination with mass murderers, and the fact the defendant has failed to comply with orders of this court, the government respectfully asks this court to impose an additional term and condition of supervised  release as follows:

Defendant Biard MacGuineas shall not frequent or loiter within 100 feet of schoolyards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by children.

Respectfully submitted this 11th day of February, 2010.

DENNIS K. BURKE
United States Attorney
District of Arizona

*s/ Beverly K. Anderson*

BEVERLY K. ANDERSON
Assistant United States Attorney

A copy of the foregoing has been served electronically
or by other means this 11th day of February, 2010 to:

Edward Laber, Esq.
Donna Salazar, Sr. U.S. Probation Officer