DENNIS K. BURKE
United States Attorney
District of Arizona
BEVERLY K. ANDERSON
Assistant United States Attorney
AZ State Bar No: 010547
405 West Congress Street, Suite 4800
Tucson, Arizona  85701-5040
Telephone:  (520) 620-7300
bev.anderson@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 07-01838-TUC-RCC (BPV) |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| v. | ) | |
| | ) | |
| Donald Biard MacGuineas, III, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Comes now Plaintiff, the United States of America, by and through its attorneys, DENNIS K. BURKE, United States Attorney for the District of Arizona, and BEVERLY K. ANDERSON, Assistant United States Attorney, and hereby submits its Sentencing Memorandum as set forth below.

**Memorandum of Points and Authorities**

1. **Facts**

In early September, 2007, the defendant's sister forwarded numerous e-mails that she had received from the defendant to the FBI.  The e-mails were disturbing to Ms. MacGuineas and she was in fear for her safety, the safety of her family, and the safety of other people who could be harmed.  The defendant's e-mails contained graphic descriptions of acts of torture which the defendant claimed should be inflicted upon his father and his sister "as he stood

by and watched them suffer." The defendant additionally made statements such as "Just to make it perfectly clear, I am intending to bomb certain buildings and shoot schoolchildren with a machine gun (hasn't been done since 1934, at least)." Attached to these e-mails were photographs of assault-type weapons defendant claimed to own, which indicated the defendant had the means and ability to make good on his threats. These e-mails were forwarded to the Tucson FBI office, since the defendant lives in Tucson.

On September 4, 2007, the defendant was taken to University Physicians Health Care at Kino Hospital for an emergency mental health evaluation. The defendant was evaluated by Dr. David Stoker and Dr. Marty Newman, both Board Certified Psychologists, who practice at University Physicians at Kino. Both physicians concluded that the defendant was "persistently or acutely disabled and a danger to others." They additionally diagnosed MacGuineas with a psychotic disorder, not otherwise specified, anxiety disorder, not otherwise specified, and personality disorder, not otherwise specified. While at Kino, the defendant was treated with Risperidone, a common anti-psychotic drug. He was ultimately arrested for sending threats over the internet and taken into federal custody in October, 2007. On October 24, 2007, he was indicted on charges of Transmitting in Interstate Commerce, a Communication Threatening to Injure Another Person.

On September 7, 2007, federal agents executed a search warrant on the defendant's home. Agents seized 25 weapons from the defendant's apartment. The weapons included assault rifles, shotguns, handguns, semiautomatic guns, revolvers and uzis. Seven of the weapons were fully automatic. Also found in the defendant's home was close to **10,000 rounds of ammunition.**

At the detention hearing held on October 23, 2007, the government presented expert testimony from Dr. Marty Newman, who had evaluated the defendant at Kino Hospital. Dr. Newman opined that the defendant was: (1) chronically and persistently mentally ill; and (2) was a danger to the community if released. Also present at the detention hearing, and ready

1  to testify was Dr. Stoker, who had also evaluated the defendant. Because his opinions were
2  identical to those of Dr. Newman, the defense stipulated that his opinions would be similar
3  to those given by Dr. Newman. Magistrate Judge Hector Estrada found the defendant was
4  a danger to the community and ordered him detained.

5  Next, the defendant was sent for a competency evaluation pursuant to 18 U.S.C.
6  §4241(a) and (b) and an evaluation to determine the level of danger he presented to the
7  community. On August 7, 2008, Shawn Channell, Ph.D, a Forensic Psychologist with the
8  Federal Bureau of Prisons, Devens, Massachusetts, submitted a report regarding the above
9  stated issues. Specifically, he diagnosed defendant with both delusional disorder and
10 personality disorder. He concluded that MacGuineas was competent to stand trial and in
11 regard to dangerousness to the community stated:

> Mr. MacGuineas is at a moderate-high risk of violence. When taking into account his possession of firearms and weapons, as indicated in his threatening emails, as well as his reported admiration for other perpetrators of violence, it is the opinion of the undersigned that Mr. MacGuineas does pose an elevated risk of violence in the community.
>
> The fact Mr. MacGuineas possessed firearms is a significant concern. The presence of weapons dramatically increases the lethality of a violent incident.

Dr. Channell further stated:

> Currently, the defendant has no insight into his need for medication and is, therefore, unwilling to take medication. Without antipsychotic medication, Mr. MacGuineas is likely to continue to persist in his delusional beliefs. It is strongly recommended he comply with treatment **with antipsychotic medication and that his medication compliance be monitored. His prognosis is guarded without treatment.** (Emphasis added.)

22 The defendant stipulated that he was competent to stand trial, and on January 17,
23 2009, the defendant pled guilty to the Indictment. He was ultimately sentenced in December
24 2009. Between the time of the defendant's guilty plea and his sentencing, the defendant had
25 a succession of five (5) different defense attorneys appointed to the case, each of which
26 ultimately moved to withdraw.

Defendant was sentenced to time served and released to New Beginning's Treatment Facility. One of the conditions of supervised release was that the defendant was ordered to obtain a mental evaluation, and take medication if prescribed by a mental health professional. The defendant was on supervised release for five (5) months and failed to obtain the mental evaluation as ordered by this Court. His supervised release was revoked.

On August 25, 2010, this Court ordered the defendant to submit to an evaluation by Dr. Morenz, a psychiatrist, who "shall evaluate the defendant for his mental health status and, if any, mental health treatment the defendant needs to aid in the disposition of his supervised release." (CR 182; 8/26/2010)   In preparation for the evaluation, Dr. Morenz was provided with law enforcement reports, transcripts, medical records and other expert reports regarding the defendant, including his past psychiatric records. Dr. Morenz met with the defendant in September, 2010. In a report submitted to this Court, Dr. Morenz concludes the defendant is incompetent and further opines the defendant suffers from delusional disorder and paranoid personality disorder. Dr. Morenz further recommends that the defendant be sent to a federal medical center "where he could be provided emotional support and structure **and a trial of antipsychotic medications.**" [1]   Defense expert Paul Simpson evaluated the defendant and also concludes the defendant suffers from Delusional Disorder, with traits of Paranoid Personality Disorder.

### 2. Argument

Every expert that has evaluated the defendant concludes that he suffers from a psychotic disorder. This includes Dr.'s Marty Newman and David Stoker from Kino Hospital, Dr. Shawn Channell from the Federal Medical Center at Fort Devens, Dr. Barry Morenz and even the defendant's expert Dr. Simpson. Dr.'s Newman, Stoker and Channell

---

[1] At the competency hearing, Dr. Morenz also testified that he recommends the defendant be treated with an antipsychotic medication - specifically Risperidone.

opine that the defendant is a danger to the community based on his refusal to acknowledge he has a problem and accept treatment with antipsychotic medication. Dr.'s Morenz and Simpson were not asked to evaluate the defendant on the issue of dangerousness.

Based on all of the expert reports, testimony and facts in the case, it is clear the defendant suffers from a psychotic disorder, and must be treated with antipsychotic medication. Therefore, the government asks this Court to impose as a term and condition of supervised release that the defendant take antipsychotic medication as prescribed by a physician. Furthermore, the government believes the defendant needs to reside in a residential reentry facility for nine (9) months to oversee the administration of defendant's medication and to help him transition back into the community. An appointment with a psychiatrist can be scheduled to coincide with the defendant's release from custody so that the defendant can begin taking medication soon after his release.[2] If the defendant refuses to take medication, then he should be sentenced to prison for the statutory maximum.

Respectfully submitted this 18th day of July, 2011.

DENNIS K. BURKE
United States Attorney
District of Arizona

*S/Beverly K. Anderson*

BEVERLY K. ANDERSON
Assistant United States Attorney

A copy of the foregoing has been served
electronically or by other means
this 18th day of July, 2011, to:

Richard Lougee, Jr., Esq.
Donna Salazar, Sr. U.S. Probation Officer

---

[2] Medical records, including reports by Dr.'s Morenz, Newman, Stoker, Channell and Simpson can be provided to the treating psychiatrist.