```
 1              IN THE UNITED STATES DISTRICT COURT

 2                      DISTRICT OF ARIZONA

 3

 4   UNITED STATES OF AMERICA

 5   vs.                                     CR-07-1838-TUC-RCC

 6   DONALD BIARD MACGUINEAS,

 7             Defendant.
     _____
 8
                                              June 24, 2010
 9                                            Tucson, Arizona

10
                            MOTION HEARING
11

12        BEFORE THE HONORABLE RANER C. COLLINS
                 UNITED STATES DISTRICT JUDGE
13

14
                         A P P E A R A N C E S
15

16   For the Government:    Beverly K. Anderson
                            Assistant U.S. Attorney
17

18   For the Defendant:     Edward Harris Laber
                            Attorney at Law
19
     Court Reporter:        Erica R. Grund, RDR, CRR
20                          Official Court Reporter
                            405 W. Congress Street
21                          Tucson, Arizona 85701

22

23

24

25       Proceedings prepared by computerized realtime
                           translation
```

```
 1                    P R O C E E D I N G S
 2            THE COURT:  This is Case Number --
 3            THE CLERK:  -- 07-1838, United States of
 4   America vs. Donald Biard MacGuineas, III, set for
 5   ex parte motion hearing.
 6            THE COURT:  Mr. MacGuineas is present.
 7   He's in custody.  Show that Mr. Laber is here and
 8   Mr. MacGuineas is here.  The prosecutor's not
 9   present during this particular proceeding.
10            An associate with Mr. Laber is present.
11   Mr. Sully is present.  Other than that, no one else
12   is present other than the marshals and courtroom
13   staff.
14            Mr. Laber, you asked for this hearing.
15            MR. LABER:  I did, Your Honor.
16            On June 21st, I received a -- it's not a
17   bar complaint from the State Bar.  It was a letter
18   from the State Bar saying that they had received a
19   letter from Mr. MacGuineas where he had two
20   separate issues with me, mostly having to do with
21   either I wasn't communicating with him or I hadn't
22   answered certain specific questions or hadn't
23   answered his questions to his satisfaction, and I
24   wrote back to the Bar letting them know that, in
25   fact, I had meetings with him.
```

1            And today I've handed Mr. MacGuineas four
2   letters that I sent to him this month:  June 1st,
3   where I sent him his treatment records; June 9th,
4   when I answered one of his letters; June 13; and
5   June 21st.
6            I also went out to see Mr. MacGuineas last
7   Friday.  I drove up to the CCA.  It's a three-hour
8   round trip in this heat, and I was told by the
9   guard that Mr. MacGuineas was in the library and
10  refused to see me.
11           At that time I wanted to go through the
12  records from New Beginnings, which is at issue here
13  in his supervised release.
14           I asked for this hearing because I'm not
15  sure what Mr. MacGuineas wants.  I'm going to
16  handle this case the way that I believe this case
17  should be handled, and that may not be the way
18  Mr. MacGuineas wants me to handle this case, but
19  I'm assuming that I'm the lawyer and he's the
20  client, and I'm the lawyer for a reason.
21           But in the event that there is some
22  serious issue that he wants to raise with the
23  Court, I wanted him to have an opportunity to do
24  that to make sure that I can remain on this case.
25           I am willing to stay on as his lawyer, but

1    it is both aggravating and distracting for me to
2    receive letters from the State Bar when they really
3    don't further his case at all.
4             All right.  So that's -- that's why we're
5    here.
6             THE COURT:  Mr. MacGuineas, anything you'd
7    like to say this morning?
8             THE DEFENDANT:  I was -- I was not given
9    any advanced notice of this hearing.  I came into
10   the room a few -- I was not allowed to sleep last
11   night, and I wasn't told what this hearing --
12            THE COURT:  You said you were not allowed
13   to sleep last night?
14            THE DEFENDANT:  That's normal.  Before a
15   hearing, the correction officers wake us up at
16   midnight.  From midnight onwards we're coming over
17   here, so I'm saying I'm short on sleep.
18            But I didn't know what -- what the purpose
19   was until a couple of minutes ago, and so I wasn't
20   allowed to organize or prepare anything for the
21   Court.
22            (Sotto voce discussion with defense
23            counsel and the defendant.)
24            MR. LABER:  Your Honor, with -- I suppose
25   it has to do with me.  It's my permission.  But

1    with my client's permission, I'll give you what he
2    mailed to the State Bar, if I may approach?
3             THE COURT:  All right.
4             Mr. MacGuineas, I've read the complaints
5    that you have of --
6             (A woman enters the courtroom.)
7             THE COURT:  Ma'am, I need you to stay out
8    for a few moments, please.
9             (A woman exits the courtroom.)
10            THE COURT:  -- with regard to Mr. Laber.
11   I guess I need to really ask you one question.  Do
12   you want Mr. Laber to continue as your attorney or
13   not?
14            THE DEFENDANT:  I do not.
15            THE COURT:  All right.  Then I'll give you
16   somebody else.  Mr. Laber need not have to put up
17   with the accusations, so I'll appoint new counsel.
18            You need to understand, though, this is
19   going to delay things.  Do you understand that?
20            THE DEFENDANT:  Yes.
21            THE COURT:  All right. Mr. Laber, he
22   doesn't want you to continue, so I'll appoint new
23   counsel.  I'm going to ask that as soon as new
24   counsel is appointed, that you give him whatever
25   files you have for Mr. MacGuineas as quick as

1  possible.
2           MR. LABER:  Certainly, Your Honor.  Just
3  in the interest of convenience for the Court and
4  because I know, Bev Anderson is outside.
5           THE COURT:  Right.
6           MR. LABER:  But I had received all of the
7  treatment records, whatever it was from New
8  Beginnings, and I did not disclose them to the
9  prosecutor because I think I need permission from
10 Mr. MacGuineas, and so I called her and said maybe
11 we can take care of that today.
12          If Mr. MacGuineas doesn't want me to
13 handle that today, that's fine.
14          THE COURT:  I think we're better off with
15 you not handling that.
16          MR. LABER:  All right.
17          THE COURT:  Would you ask Ms. Anderson to
18 come in?
19          (Beverly Anderson enters the courtroom.)
20          THE COURT:  Show that Ms. Anderson is now
21 here on behalf of the U.S. Attorney's Office.
22          Mr. MacGuineas, you wanted to say
23 something?
24          THE DEFENDANT:  Yes, please.  I wanted to
25 raise the -- raise the question about pro se

1  representation. It's something I've thought about,
2  something I'm interested in, but I've never done it
3  before, and I'm not so sure that it would -- I
4  mean, if I were to go that route, I would hope that
5  I could still, if it didn't work out, then could I
6  get another lawyer, or if I had money by that point
7  I could eventually retain an attorney.
8          I don't know what the -- I don't know the
9  details of how it would work.
10         THE COURT: Well, I'd have to come to the
11 conclusion that you knew what you were doing or at
12 least knew reasonably well what you were doing and
13 what the consequences were.
14         And Mr. MacGuineas, let me be honest with
15 you right now. I'm not sure that I can make that
16 finding. I know about your educational background,
17 and you're a well-educated man. One of the issues
18 has to do with mental health. That's a concern for
19 me, and unless that particular issue is adequately
20 addressed, I would be uncomfortable having you
21 represent yourself.
22         But I'm going to appoint you an attorney.
23 You can discuss it with an attorney and what the
24 goals and -- what is the word? I can't think of
25 the word.

1           MR. LABER: Well --

2           THE COURT: -- qualifications are, and if

3  you feel you meet those qualifications and you want

4  to represent yourself, you can try it, see if you

5  can make a showing to the Court that you're able to

6  do that.  That's what you'd have to do.

7           Ms. Anderson, as a result of the ex parte

8  hearing that we've had here this morning, Mr. Laber

9  is no longer the attorney for Mr. MacGuineas, so

10 we're not going to be able to handle your motion to

11 compel this morning.

12          MS. ANDERSON: All right.

13          THE COURT: I'm appointing you new

14 counsel, and I'm going to reschedule the hearing

15 for next Friday to make sure that new counsel has

16 been appointed and has a chance to go out to meet

17 Mr. MacGuineas.

18          What time can I do it on my calendar next

19 Friday?

20          THE CLERK: 9:50.

21          THE COURT: 9:50 next Friday,

22 Mr. MacGuineas, and the hearing is going to be to

23 discuss that you've met your new attorney, and if

24 you've had a chance to discuss these issues with

25 your new attorney, how you want to proceed at this

```
 1  point in time.
 2          All right?
 3          THE DEFENDANT:  (Nodding.)
 4          THE COURT:  So you'll know what the
 5  hearing's about.
 6          THE DEFENDANT:  (Nodding.)
 7          THE COURT:  Thank you.
 8          MS. ANDERSON:  Your Honor, I won't be able
 9  to attend that hearing.  I understand that the
10  purpose is for Mr. MacGuineas to meet his new
11  attorney, so it sounds like somebody from the
12  Government will not be necessary; is that correct?
13          THE COURT:  I would prefer that the
14  Government be represented.  You don't have to be
15  here yourself, but if somebody can be here --
16          MS. ANDERSON:  All right.  Thank you.
17          THE COURT:  Thank you.
18          MR. LABER:  Thank you, Your Honor.
19          THE COURT:  I'll see you next week,
20  Mr. MacGuineas.
21          THE DEFENDANT:  Thank you, Your Honor.
22          MS. ANDERSON:  Judge, was that July 1st at
23  9:50?
24          THE COURT:  Yes.
25          MS. ANDERSON:  Thank you.
```

1           THE COURT:  July 2nd.  I think it's
2  Friday.
3           MS. ANDERSON:  July 2nd at 9:50.
4           THE COURT:  July 2nd at 9:50.
5           MS. ANDERSON:  Thank you.
6           Your Honor, one more thing.  We've got an
7  evidentiary hearing set for July 26th.  I
8  understand that at this point that hearing is still
9  a go.
10          THE COURT:  It's still a go at this
11 point.  We can talk about that later.
12          MS. ANDERSON:  All right.  Thank you.
13          THE DEFENDANT:  Your Honor, may I ask an
14 afterthought?  I asked about the pro se, and you
15 said one of the issues is my mental health, and
16 it's kind of a catch-22 for me, because I feel my
17 mental health has been misrepresented to this Court
18 in part because of --
19          THE COURT:  You can explain that to me
20 when we have the hearing.
21          THE DEFENDANT:  Next Friday.
22          THE COURT:  Yes.
23          THE DEFENDANT:  Okay.  Thank you.
24          (Proceedings concluded in this matter.)
25

C E R T I F I C A T E

     I, Erica R. Grund, do hereby certify that I took the machine shorthand notes in the foregoing matter; that the same was transcribed via computer-aided transcription; that the preceding pages of typewritten matter are a true, correct, and complete transcription of those proceedings ordered, to the best of my skill and ability.

     Dated this 16th day of August, 2011.

                                             s/Erica R. Grund
                                    Erica R. Grund, RDR, CRR
                                      Official Court Reporter