# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR 07-01838-TUC-RCC [BPV] |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| v. ) | |
| David Biard Macguineas, III, ) | |
| Defendant. ) | |

This case is before the Court on a referral from District Judge Raner C. Collins concerning a Petition To Revoke Supervised Release. This matter has been continued many times for the Defendant to obtain counsel to represent him, as the Court has determined that he is able to afford his own counsel. The Defendant acknowledged that he was provided with the names and phone numbers of twenty attorneys as previously ordered by the Court and avows that he contacted all twenty lawyers and was unable to find a lawyer who would agree to represent him. The Court finds further continuances of this matter would be fruitless and orders the parties to proceed with the hearing.

A consent form was presented to the Defendant to sign consenting to the magistrate judge presiding over the hearing. The Defendant refused to sign the consent form. This Court will proceed by Report and Recommendation.

One witness, U.S. Probation Officer Donna Salazar, was sworn in. There are three (3) allegations in the petition. Allegation A alleges a violation of Standard Condition No. 4 for not following the instructions of the probation officer. Allegations B and C contain the identical allegation that he is to participate in a mental health program as directed by the probation officer which may include taking prescribed medication. Allegation B is alleged

to be a violation of Special Condition No.1. Allegation C is alleged to be a violation of Special Condition No. 10. Both conditions stated in exactly the same language and, therefore, are multiplicitous. Therefore, the Court will dismiss Allegation C. The violation conduct alleged for both Allegation A and B is the same, that Defendant Macguineas refused to sign a release of information form for mental health services so that he could be evaluated for the need for mental health services and, in particular, the need for psychotropic medication. Exhibit 1 is the release form that was presented to the Defendant for his signature. The Defendant signed the form and above his signature wrote in his own handwriting, "my signature is involuntary and coerced." Officer Salazar testified that this negated the authenticity of the form. No other information was provided. Therefore, the Court finds that the Defendant is in violation of Standard Condition No. 4 and Special Condition No. 1 for failing to sign the form in an appropriate manner.

Defendant did not question the Government witness or offer testimony, but it is not clear that he was specifically offered the opportunity to testify. Defendant should be offered the opportunity to testify at the disposition hearing.

Wherefore, it is the Report and Recommendation of this Court that the District Court find that the Defendant is in violation of his conditions of supervised release.

Pursuant to FED.R.CRIM.P., Rule 59(b)(2), the parties have fourteen (14) days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any objections filed should be filed with the following case number: **CR 07-01838-TUC-RCC.**

The Disposition Hearing is set for **MONDAY, FEBRUARY 13, 2012 AT 10:20 A.M.** before the Honorable Raner C. Collins, Courtroom 5B.

DATED this 12th day of January, 2012.

_____
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE