(p. 1 of 2)                                   2013-Mar-05

Donald MacGuineas
#13884-196
P.O. Box 6300
Florence, AZ 85132
Defendant

FILED ___ LODGED ___
RECEIVED COPY
MAR 11 2013
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY___ DEPUTY

U.S. District Court
District of Arizona

| USA | CR-07-1838-TUC-RCC |
|---|---|
| v | Notice re Confrontation |
| MacGuineas | |

① Defendant, Donald MacGuineas, hereby gives notice of his need to confront certain adverse witnesses.

Whereas:

② Defendant has received a set of records from appointed murderer Victoria Brambl. Brambl claims she received the records from U.S. Probation Officer Pedro Valenzuela. Valenzuela claims he sent the same set of records to both Brambl and Cactus Counseling Associates. Valenzuela also claims (though with no apparent foundation) that Cactus forwarded the records to Rainier Diaz.

③ Diaz relied on these records, and the records include reports and statements by Daniel C. Lanning (P.C.S.D.), Christine Pletkova, Marty Newman, Shawn Channell, Barry Morenz, Paul Simpson, Vincent Krasavic, R. Ramirez, and Judy Johnson.

cc: RCC and AUSA Anderson

(p. 2 of 2)                                              2013-Mar-05

④ Said reports and statements rely in turn on statements allegedly made by Maya MacGuineas and Donald Biard MacGuineas Jr. (Defendant's father).

⑤ Defendant hereby asserts his right to confront the above-named adverse witnesses.

⑥ The "ability to subpoena ... is no substitute for the right of confrontation.... [The] Confrontation Clause imposes a burden on the prosecution to present its witnesses, not on the defendant to bring those adverse witnesses into court. Its value to the defendant is not replaced by a system in which the prosecutor presents its evidence via ex parte affidavits and waits for the defendant to subpoena the affiants if he chooses." Melendez-Diaz v Massachusetts, 557 U.S. _____, Section E.

Submitted 2013-Mar-05.

D. Mac〰
Donald MacGuineas
Defendant

Please provide copy to RCC and AUSA Anderson